| AOC-105          Doc. Code: CI | | Case No. _10-C1-D0154_ |
|---|---|---|
| Rev. 1-07    02/8/2010 03:31 pm | | |
| Page 1 of 1       Ver. 1.02 | | Court  ☑ Circuit  ☐ District |
| Commonwealth of Kentucky | | |
| Court of Justice   www.courts.ky.gov | CIVIL SUMMONS | County   McCracken |
| CR 4.02; CR Official Form 1 | | |

**PLAINTIFF**

VIRGINIA KERLEY

806 Ferry St.

Metropolis, IL 62960

VS.

**DEFENDANT**

KOHL'S DEPARTMENT STORES, INC.

N56 W17000 Ridgewood Drive

Menomonee Falls, WI 53051

**Service of Process Agent for Defendant:**
CT CORPORATION SYSTEM

4169 Westport Road

Louisville, KY 40207

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _2/12_, 2_010_        _Blenda Ransom_ Clerk
                          By: _Kim Bell_ D.C.

---

**Proof of Service**
This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

Served by: _____

_____ Title

**EXHIBIT A**

CIVIL ACTION NO. 10-CI-00154      MCCRACKEN CIRCUIT COURT

DIVISION II

JUDGE Clymer

VIRGINIA KERLEY      PLAINTIFF
806 Ferry St.
Metropolis, Illinois 62960

v.      COMPLAINT

*FILED FEB 12 2010 MCCRACKEN CIRCUIT COURT PADUCAH, KENTUCKY*

KOHL'S DEPARTMENT STORES, INC.      DEFENDANT
N56 W17000 Ridgewood Drive
Menomonee Falls, Wisconsin 53051

     SERVE:    REGISTERED AGENT
                   CT Corporation System
                   4169 Westport Road
                   Louisville, Kentucky 40207

## I. INTRODUCTION

Comes the Plaintiff, Virginia Kerley (hereinafter "Kerley" or "Plaintiff"), and for her Complaint against the Defendant, Kohl's Department Stores, Inc. (hereinafter "Kohl's" or "Defendant"), states as follows:

## II. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Kerley is a resident of Illinois.

2. Defendant Kohl's is a foreign corporation doing business in Paducah, McCracken County, Kentucky.

3. Jurisdiction is proper in this Court and in the United States District Court for the Western District of Kentucky, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court because the alleged acts occurred in Paducah, Kentucky.

### III. FACTS

5. Kerley is a former employee of Kohl's.

6. Kerley began her employment in 2005 as a part-time employee in the Children's Department.

7. Kerley worked for Kohl's for more than four (4) years.

8. Kerley was employed as an "area Supervisor" and a "Community Service Coordinator."

9. Kerley was a qualified individual with a disability.

10. Throughout her employment, Kerley had Cystic Fibrosis and required ongoing medical and breathing treatments.

11. During her employment, Kerley needed and requested accommodations for her work schedule so that she would have time between shifts to undergo breathing treatments.

12. Kohl's repeatedly failed and refused Kerley's requests.

13. On multiple occasions, Kerley complained to her supervisors that she needed additional time between shifts for her breathing treatments.

14. Subsequent to her complaints of failure to accommodate, Kohl's terminated Kerley's employment.

15. Kerley's Cystic Fibrosis and her requests for accommodations were motivating factors in Kohl's decision to discharge her.

### IV. CLAIMS AND CAUSES OF ACTION

### DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE AND RETALIATORY DISCHARGE

16. Kerley re-alleges all allegations set forth above as if fully set forth herein.

17. At all relevant times, Kerley was a qualified individual with a disability under the Kentucky Civil Rights Act, KRS Chapter 344 *et. seq.* ("KRS 344").

18. Kerley was substantially limited in her ability to breathe and work, but was otherwise qualified to perform the essential functions of the position, with the requested accommodation.

19. Kerley's work shift scheduling requests constituted requests for reasonable accommodation under KRS 344.

20. Kohl's failures to accommodate Kerley constituted violations of KRS 344.

21. Kohl regarded and/or perceived Kerley as having a disability.

22. Kerley's disability, perceived disability and requests for accommodation were motivating factors in her discharge.

23. As a result of Kohl's actions, Kerley has suffered damages recoverable under KRS 344.

### V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Kerley respectfully prays that she be awarded the following relief and all other relief to which she may be entitled:

A. Trial by jury;

B. Judgment against the Defendant on all claims asserted herein;

C. Compensatory damages including but not limited to past and future lost wages and past and future lost benefits;

D. Compensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment;

3

E. An award of statutory attorney fees, costs and expenses; and

F. Statutory interest on all damage awards, verdicts or judgments.

Respectfully submitted,

Bryan M. Cassis
1800 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202
(502) 736-8100 (phone)
(502) 736-8106 (fax)
bryan@cassislaw.com

*Attorney for the Plaintiff Virginia Kerley*